UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

LAWRENCE H. RUEHL,

     Plaintiff,
vs.

CARNIVAL CORPORATION,
a Panamanian corporation,
d/b/a CARNIVAL CRUISE LINE,

     Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, LAWRENCE H. RUEHL ("Plaintiff"), by and through undersigned counsel, sues the Defendant, CARNIVAL CORPORATION, a Panamanian corporation, d/b/a CARNIVAL CRUISE LINE ("Carnival"), and alleges:

**JURISDICTION AND VENUE**

**A.**     **Diversity of Citizenship**

1. This is an action for personal injuries under general maritime law of the United States, seeking damages in excess of $75,000.00 (Seventy-Five Thousand Dollars), exclusive of costs, attorneys' fees and interest.

2. Plaintiff, LAWRENCE H. RUEHL, is a resident of Kentucky, over the age of 18, and otherwise *sui juris*.

3. At all times material, Defendant, Carnival, was a for profit corporation with its worldwide headquarters, principal address, and principal place of business at 3655 NW 87th Avenue, Miami, FL 33178-2428.

4. There is complete diversity of citizenship herein and the Court has jurisdiction pursuant to 28 U.S.C. § 1332.

**B.    Admiralty Jurisdiction Over Incident**

5. Defendant, CARNIVAL, is subject to the jurisdiction of this Court by virtue of 28 U.S.C. § 1333 as the causes of action asserted in this Complaint arise under the General Maritime Law of the United States, in that:

   a. The incident occurred in navigable waters, or

   b. The injury was caused by a vessel on navigable waters, and

   c. The incident is connected with maritime activity.

6. On March 19, 2022, Plaintiff suffered a traumatic open displaced fracture of his right index finger as a result of the Defendant's failure to use reasonable care under the circumstances, while the vessel was on navigable waters, as more fully described hereinafter.

7. At said time and place, Plaintiff was a fare paying passenger aboard the vessel under a Passenger Ticket Contract with CARNIVAL. Accordingly, the Plaintiff's claims are governed by the general maritime law.

**C.    Venue in the U.S. District Court for the Southern District of Florida**

8. Venue is proper in this District pursuant to 28 U.S.C. 1391(b).

9. Moreover, the CARNIVAL cruise passenger ticket issued to Plaintiff provides that injury cases occurring during Plaintiff's cruise, aboard the *Carnival Sunrise*, shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami ... to the exclusion of the Courts of any other county, state or country."

10. Pursuant to 28 U.S.C. 1391(b), venue is proper in the Southern District Court of Florida as the Defendant, CARNIVAL's principal place of business is within said district.

## FACTUAL ALLEGATIONS

11. On or about March 19, 2022, Plaintiff was a fare paying passenger lawfully aboard the cruise ship, *Carnival Sunrise.*

12. On said date and ship, Plaintiff was on the balcony of his assigned Cabin No. 7427.

13. As Plaintiff entered the cabin from the balcony glass door, it closed with substantial force striking the Plaintiff in the finger.

14. On March 19, 2022, CARNIVAL permitted Plaintiff to access the aforedescribed ship cabin when it knew or should have known that the cabin balcony door was malfunctioning and the calibration of the regulator of the door was not properly adjusted resulting in an unreasonably dangerous condition.

15. At all times material, Defendant CARNIVAL owed a duty to the Plaintiff to exercise reasonable care under the circumstances and that duty encompassed a duty to (a) warn of unreasonably dangerous conditions of which Carnival was actually or constructively aware, and (b) a duty to properly maintain the vessel and all associated structures including the door regulator in a reasonably safe condition.

16. The dangerous condition of the balcony door was not open and obvious to the Plaintiff.

17. Plaintiff has complied with all conditions precedent to the filing of this lawsuit.

## COUNT I- NEGLIGENCE AGAINST CARNIVAL CORPORATION

18. Plaintiff realleges and reavers the foregoing allegations in paragraphs 1 through 17 as though originally stated herein.

19. At all times material, Defendant CARNIVAL knew, from its previous experience and from other vessels in its fleet, that if the balcony door regulator is not properly calibrated, it

can close rapidly and create a danger to its passengers.

20. At all times material, Defendant CARNIVAL, by and through its employees, servants, agents, and/or representatives acting within the course and scope of their employment, owed a duty to exercise reasonable care under the circumstances to its passengers, including Plaintiff.

21. Defendant CARNIVAL, through its employees, servants, agents and/or representatives, acting within the course and scope of their employment, breached its duty to exercise reasonable care under the circumstances owed to Plaintiff, by committing one or more of the following acts and/or omissions:

   a. Failing to properly maintain the assigned cabin balcony door in a reasonably safe manner for Plaintiff;

   b. Failing to properly inspect Plaintiff's cabin balcony door;

   c. Failing to properly install, calibrate, and maintain the settings on Plaintiff's cabin balcony door;

   d. Failing to adequately warn passengers of the dangers associated with the subject cabin balcony door;

   e. Failing to comply with manufacturer's recommendations as it relates to the balcony doors installed on the *Carnival Sunrise*;

   f. Failing to discover a dangerous condition on its vessel;

   g. Failing to remedy a dangerous condition on its vessel;

   h. Failing to ensure that its crew and employees were properly trained and instructed on the maintenance and calibration of the regulator on its balcony doors;

   i. Failing to enact and enforce reasonable and appropriate policies and procedures relating to its balcony doors;

   j. Failing to provide safe ingress and egress from the balcony to the stateroom;

  k. Failing to comply with industry standards and Defendant CARNIVAL's own standards relating to its balcony doors;

  l. Failing to comply with applicable laws, codes, and treaties with respect to the calibration of balcony door regulators;

  m. Failing to select a safe and appropriate door regulator for the subject balcony door; and/or

  n. By creating a dangerous condition on its vessel.

22. Upon information and belief, Defendant CARNIVAL, over the years, has received actual notice that many of its passengers have been struck, injured, or thrown off balance by its balcony doors closing prematurely and improperly.

23. Defendant CARNIVAL created the dangerous condition resulting in the malfunction and unsafe operation of the balcony door by failing to properly calibrate the regulator setting resulting in a dangerous condition which was foreseeable to Carnival.

24. At all times material, the calibration and specifications of the balcony door regulator throughout Defendant CARNIVAL's fleet were created, selected, approved, and authorized by and/or are under the direct control and participation of the Defendant CARNIVAL.

25. As a direct and proximate result of the above-described negligence and carelessness by Defendant CARNIVAL, Plaintiff was injured in and about his body, including but not limited to his finger, suffered pain and suffering, disability, disfigurement, mental anguish, inconvenience, the loss of the capacity for the enjoyment of life, and has incurred medical expenses in the past and will incur medical expenses in the future. All of said damages are permanent and continuing in nature.

WHEREFORE, Plaintiff, LAWRENCE H. RUEHL, demands judgment against Defendant CARNIVAL CORPORATION for damages in excess of the minimal jurisdictional limits of this Court, as well as post-judgment interest to the extent allowed by law and attorneys' fees and costs

as may be allowed by law and demands trial by jury of all issues so triable.

## COUNT II – VICARIOUS LIABILITY
## AGAINST CARNIVAL CORPORATION

26. Plaintiff realleges and reavers the foregoing allegations in paragraphs 1 through 17 as though originally stated herein.

27. At all times material, Defendant CARNIVAL was vicariously liable for its employees' negligence, by improperly calibrating the balcony door regulator.

28. At all times material, Defendant CARNIVAL, by and through its employees, servants, agents, and/or representatives acting within the course and scope of their employment, owed a duty to exercise reasonable care under the circumstances to its passengers, including Plaintiff.

29. Defendant CARNIVAL, through its employees, servants, agents and/or representatives, acting within the course and scope of their employment, breached its duty to exercise reasonable care under the circumstances owed to Plaintiff, by committing one or more of the following acts and/or omissions:

    a. Failing to properly maintain the balcony door in a reasonably safe manner for its passengers;

    b. Failing to properly inspect Plaintiff's cabin balcony door regulator;

    c. Failing to properly calibrate and maintain the settings on Plaintiff's cabin balcony door regulator; and/or

    d. By calibrating the balcony door regulator improperly and contrary to the manufacturer's recommendations.

30. As a direct and proximate result of the above-described negligence and carelessness by Defendant CARNIVAL, Plaintiff was injured in and about his body, including but not limited to his finger, suffered pain and suffering, disability, disfigurement, mental anguish, inconvenience,

the loss of the capacity for the enjoyment of life, and has incurred medical expenses in the past and will incur medical expenses in the future. All of said damages are permanent and continuing in nature.

WHEREFORE, Plaintiff, LAWRENCE H. RUEHL, demands judgment against Defendant CARNIVAL CORPORATION for damages in excess of the minimal jurisdictional limits of this Court, as well as post-judgment interest to the extent allowed by law and taxable costs as may be allowed by law.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues of fact.

Dated this 16th day of June 2022.

> Respectfully submitted,
>
> ROBERT L. GARDANA, P.A.
> Attorneys for Plaintiff
> 12350 SW 132 Court, #204
> Miami, Florida 33186
> PH: 305-358-0000
> FAX: 305-358-1680
> E-Mail: robert@gardanalaw.com
>         staff@gardanlaw.com
>
> By: *Robert L. Gardana*
> Robert L. Gardana, Esq.
> Florida Bar No. 279668